THE STATE OF OHIO, APPELLEE, *v.* DRAGGO, APPELLANT.

[Cite as State v. Draggo (1981), 65 Ohio St. 2d   88.]

(No. 80-696—Decided March 31, 1981.)

*Mr. Michael Miller,* prosecuting attorney, *Messrs. Brownfield, Bowen, Bally & Sturtz* and *Mr. James W. Lewis,* for appellee.

*Mr. Michael L. Close,* for appellant.

*Per Curiam.*

## I.

Appellant, in his first proposition of law, asserts, in essence, that the trial court erred by not dismissing the case on his motion, since no action or activity of the appellant occurred in Franklin County. More narrowly stated, appellant asserts that any one of the eight southwestern counties, and not Franklin County, is the proper venue for this matter.

We find no merit in this contention.

Crim. R. 18(A) states that, "[t]he venue of a criminal case shall be as provided by law."

Thus, as prescribed by Crim. R. 18(A), reference to the Ohio Constitution and the applicable venue sections of the Revised Code is necessary.

Section 10 of Article I of the Ohio Constitution states, in pertinent part:

"***In any trial, in any court, the party accused shall

be allowed\*\*\* a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed\*\*\*."

The primary purpose of the constitutional provision is to fix the place of trial. *State* v. *Fendrick* (1907), 77 Ohio St. 298, 300.

R. C. 2901.12 contains the statutory foundation for venue. The relevant provisions of this section read, in pertinent part, as follows:

"(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or *any element* thereof was committed.

"\*\*\*

"(G) When it appears beyond a reasonable doubt that any offense or *any element* thereof was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any such jurisdiction.

"(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, he may be tried for all such offenses in any jurisdiction in which one such offense or *any element* thereof occurred.\*\*\*" (Emphasis added.)

Venue is not a material element of any offense charged. The elements of the offense charged and the venue of the matter are separate and distinct. *State* v. *Loucks* (1971), 28 Ohio App. 2d 77, and *Carbo* v. *United States* (C.A. 9, 1963), 314 F. 2d 718. Yet, in all criminal prosecutions, venue is a fact that must be proved at trial unless waived. *State* v. *Nevius* (1947), 147 Ohio St. 263.

R. C. 2901.12(G) and (H) are statutory reflections of the modern mobility of criminals to perform unlawful deeds over vast geographical boundaries. The above-noted statutory provisions effectuate a sensible, efficient approach to justice by permitting one court to hear a matter which has roots in several court jurisdictions.

Dissection of the relevant provisions, namely R. C. 2901.12(A) and (H) and, more specifically, (G), explicitly

denotes that venue is proper if "***[the] offense or *any element*" was committed in the court's jurisdiction.

A final disposition of appellant's proposition of law is dependent upon the determination of whether "any element" of the crime was committed within Franklin County, thereby making that county a proper location for the trial. The foregoing must unquestionably be answered in the affirmative.

The elements of a crime are the constituent parts of an offense which must be proved by the prosecution to sustain a conviction. Elements necessary to constitute a crime must be gathered wholly from statute and not *aliunde*. *State* v. *Winters* (1965), 2 Ohio St. 2d 325; *State* v. *Cimpritz* (1953), 158 Ohio St. 490.

Appellant was charged with violations of R. C. 2921.41, and the underlying theft offenses of R. C. 2913.42 and 2913.02.

R. C. 2921.41 reads as follows:

"(A) No public official or party official shall commit any theft offense, when either of the following applies:

"(1) The offender uses his office, or permits, or assents to its use, in aid of committing the offense;

"(2) The property or service involved is owned by this or any other state or the United States, a municipality, or any political subdivision, department, or agency of any of them, or by a political party, or is part of a political campaign fund.

"(B) Whoever violates this section is guilty of theft in office, a felony of the third degree.

"(C) A public servant or party official who is convicted of theft in office is forever disqualified from holding any public office, employment, or position of trust in this state."

R. C. 2913.42, in pertinent part, reads:

"(A) No person, knowing he has no privilege to do so, and with purpose to defraud or knowing that he is facilitating a fraud, shall do any of the following:

"(1) Falsify, destroy, remove, conceal, alter, deface, or mutilate any writing or record."

R. C. 2913.02 provides, in pertinent part:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"****

"(3) By deception."

The record herein clearly demonstrates that appellant was a public official, being employed as a highway examiner for the State Auditor's office; that he answered directly to his supervisor in Franklin County; that he knowingly submitted his falsified daily activity reports to Franklin County in an attempt to defraud his supervisor; that he went to Franklin County when directed to do so by his supervisor; and that he received his salary by means of state warrants issued in Franklin County.

The facts at bar disclose that appellant had significant nexus with Franklin County. Therefore, we hold that the "any element" requirement of R. C. 2901.12(G) properly allowed the trial to be held within Franklin County.

Since it would be almost impossible to discover in which county the reports were falsified, the claim of improper venue, as in the instant cause, could have been raised as to any one of the counties in which appellant was *supposedly* performing his duties.

For the foregoing reasons, appellant's first proposition of law is without merit.

## II.

Appellant, in his second proposition of law, asserts, in essence, that the trial court erred in admitting, over objection, various records in violation of the best evidence rule.

We find no merit in this contention.

After a review of the record, we agree with the Court of Appeals' analysis of the issue as follows:

"Defendant [appellant] does not specify those documents to which he is specifically referring. In reviewing the various records admitted in the case as to their nature and the foundation for their admission, we find no error in their admission. The documents speak for themselves with no cross-examination being necessary.***"

## III.

Appellant, in his third and final proposition of law, contends that he was denied due process of law when the trial court admittedly failed to examine all the evidence against him.

The first paragraph of the syllabus in *State* v. *Williams* (1977), 51 Ohio St. 2d 112, reads as follows:

"An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. (Paragraph one of the syllabus of *State* v. *Glaros,* 170 Ohio St. 471, approved and followed.)"

The failure to object with reasonable promptness mandates our determination that the appellant's third proposition is meritless.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., P. BROWN, STEPHENSON, LOCHER, HOLMES and C. BROWN, JJ., concur.

W. BROWN, J., dissents.

STEPHENSON, J., of the Fourth Appellate District, sitting for SWEENEY, J.