Jack and Julie **TRUESDALE**,
Petitioners-Appellants,

v.

William **DALLMAN** and Dorothy Arn,
Respondents-Appellees.

Nos. 81–3517, 81–3518.

United States Court of Appeals,
Sixth Circuit.

Argued June 25, 1982.

Decided Oct. 6, 1982.

James D. Ruppert, Leslie Landen (argued), Franklin, Ohio, for petitioners-appellees.

Robert T. Russell, Jr., Karen Kolmacic (argued), Asst. Attys. Gen., Columbus, Ohio, for respondents-appellees.

Before JONES and KRUPANSKY, Circuit Judges, and ALLEN, District Judge.*

* The Hon. Charles M. Allen, Chief Judge, United States District Court, Western District of Kentucky, sitting by designation.

KRUPANSKY, Circuit Judge.

This is an appeal from a denial of habeas corpus relief by Senior District Judge David S. Porter. The petitioner/appellants, Jack and Julie Truesdale (the Truesdales), were indicted by the Butler County, Ohio, Grand Jury on one count of aggravated trafficking in drugs, a violation of O.R.C. § 2925.-03(A)(5). Following a jury trial at which they were represented by counsel, the Truesdales were found guilty as charged.

At trial, and again on appeal to the Ohio Court of Appeals (1st District) and Ohio Supreme Court, the Truesdales have argued: first, Ohio law requires, as a jurisdictional prerequisite, that venue of the crime be shown to be in the county of trial; and second, insufficient evidence was adduced at trial to establish venue of the crime in Butler County. Upon review, the Court is persuaded that substantial evidence was adduced at trial to establish venue in Butler County and therefore this tribunal affirms the denial of the writ.

■ Initially, there appears to be authoritative support for appellants' proposition that proper venue in Ohio criminal proceedings is an essential component of the prosecution's case. As noted by the Ohio Supreme Court in *State v. Draggo*, 65 Ohio St.2d 88, 418 N.E.2d 1343 (1981) (per curiam):[1]

> Venue is not a material element of any offense charged. The elements of the offense charged and the venue of the matter are separate and distinct. *State v. Loucks* (1971), 28 Ohio App.2d 77, 274 N.E.2d 773, and *Carbo v. United States* (C.A.9, 1963), 314 F.2d 718. Yet, in all criminal prosecutions, venue is a fact that must be proved at trial unless waived. *State v. Nevius* (1947), 147 Ohio St. 263, 71 N.E.2d 258.

418 N.E.2d at 1345. However, inasmuch as venue was properly established herein, it is manifestly not necessary to reach the

Truesdales' contention that failure to prove venue pursuant to state law in an Ohio criminal trial states a basis for federal habeas relief. *See Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *Keener v. Taylor,* 640 F.2d 839 (6th Cir. 1981).

The State's evidence at trial on the issue of venue consisted of the testimony of Ohio Bureau of Criminal Investigation Agent William Dodge (Dodge) who actually purchased cocaine from the Truesdales. Dodge stated that he arranged to make a purchase of cocaine with one Donna Helton (Helton) at her residence in Butler County on October 25, 1977. The transaction was not consummated at that time; instead, two days later, Dodge again met Helton at the Butler County address and she transported him to the home of one Abrams located in Warren County. Dodge thereupon refused to pay $900 for half an ounce of cocaine and was told to return to the Warren County home later that night.

Dodge returned as instructed, again accompanied by Helton, and waited for the Truesdales to arrive. Subsequently, the Truesdales entered the house carrying a bag and holding a large Doberman dog on a leash. The petitioners immediately went to the basement of the residence.

After a few minutes Dodge was taken to the basement where he observed Jack Truesdale weighing and cutting portions of a white powder contained in a plastic bag. Without making inquiry of Dodge as to his presence in the basement or, assuming that a purpose was obvious, without making inquiry of Dodge as to the amount of cocaine he was desirous of purchasing, Truesdale proceeded to weigh a quantity of the substance on a triple balance scale, and hand it to Abrams, who took a small amount for himself and immediately conveyed the measured package to Dodge.

1. Ohio has long accepted the rule that the syllabus of a Supreme Court case states the law. *See* Ohio Const. Art. IV § 2; O.R.C. § 2503.20. *See also Thackery v. Helfrich,* 123 Ohio St. 334, 175 N.E. 449 (1931). A *per curiam* opinion is entitled to the same weight as a syllabus in stating the law. *State ex rel. Canada v. Phillips,* 168 Ohio St. 191, 151 N.E.2d 722 (1958), paragraph 6 of the syllabus.

Dodge thereupon asked to whom he should make payment. Once again, there is clear evidence that all parties were fully aware of the previously arranged terms of the sale in that Dodge was simply told to pay Julie Truesdale without any contemporaneous discussion as to the price to be paid for the package delivered to Dodge. Dodge testified further:

Q. Now did you pay for this white powder that you received?

A. Yes I did.

Q. How much did you pay for it?

A. Paid $875.

Q. And who did you hand the money to?

A. I handed the money directly to Mrs. Truesdale.

Q. Do you refer to Julie Truesdale, the defendant?

A. Yes I do.

Q. Did she accept the money?

A. Yes she did.

Q. And what did she do with it?

A. She placed it in her purse. And *at this time I asked her if I could obtain larger quantities of cocaine.*

Q. What did she say?

A. *She stated that I could in the future, but all my future deals would have to transpire through Mr. Abrams.*

(Emphasis added).

There is no dispute as to the relevant test for evaluating questions of sufficient evidence in habeas cases. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) provides in relevant part:

[T]he applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt.

*Id.* at 324, 99 S.Ct. at 2791–92. *Accord, Delk v. Atkinson,* 665 F.2d 90 (6th Cir. 1981); *see also Speigner v. Jago,* 603 F.2d 1208 (6th Cir. 1979), *cert. denied* 444 U.S. 1076, 100 S.Ct. 1023, 62 L.Ed.2d 758 (1980).

Moreover, it is equally apparent that the requisite elements for establishing venue herein are codified at Ohio Rev.Code Sec. 2901.12(H), which provides in material part:

(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, he may be tried for all such offenses in any jurisdiction in which one such offense or any element thereof occurred. Without limitation on the evidence which may be used to establish such course of conduct, any of the following is prima facie evidence of a course of criminal conduct:

\* \* \* \* \* \*

(3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.

Accordingly, the issue here is whether any rational trier of fact, viewing all the evidence in the light most favorable to the state, could have found beyond a reasonable doubt that the unrefuted activity in Butler County was done as "part of the same \* \* \* chain of events" which concluded in the purchase of cocaine from the Truesdales, or done "in furtherance" of the objective of that sale.

■ It is initially obvious from the text of the statute that venue does not require proof of agency or criminal conspiracy in matters involving a "course of criminal conduct". Rather, the statute envisions precisely such circumstances as those obtaining herein where elements of an offense were committed in a chain of events occurring in several counties. *See, State v. Draggo, supra.*

In the instant case, one of the elements of aggravated trafficking in drugs, for which the Truesdales were convicted, is the "offer to sell" a controlled substance. O.R.C. § 2925.03(A)(5).

■ The evidence established that Dodge initially received the offer to sell and "arranged" the sale in Butler County; that Dodge was transported from Butler County to the place where the sale would be consummated; and that Dodge was further taken, as part of the same, clear chain of events, directly to the Truesdales. Further,

the direct testimony as to the petitioners' conduct plainly revealed that, without any contemporaneous request or information from Dodge, they obviously knew his purpose, the quantity of cocaine he desired and the price agreed to be paid; in other words, the Truesdales knew the terms of their "offer to sell" that Dodge testified he initially accepted in Butler County.

Moreover, Julie Truesdale explicitly instructed Dodge that all future sales could only be arranged through Abrams in Warren County; a statement that, together with the preceding evidence, provides a rational trier of fact with a strong basis for concluding beyond a reasonable doubt that the Truesdales were responsible for the "arrangement" of this sale in Butler County, and presently desired to eliminate that portion of the chain of events from future sales.

Indeed, although it is difficult to fashion any other rational explanation for the evidence beyond that returned by the jury in this case, controlling authority does not mandate that this Court search for alternative resolutions it might have formulated as the fact finder. As the Supreme Court pointedly observed in *Jackson, supra:*

> [The critical] inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Woodby v. INS,* 385 U.S., [276] at 282, [87 S.Ct. 483 at 486, 17 L.Ed.2d 362] (emphasis added). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Johnson v. Louisiana,* 406 U.S., [356] at 362 [92 S.Ct. 1620 at 1624–25, 32 L.Ed.2d 152]. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

443 U.S. at 319–320, 99 S.Ct. at 2789 (emphasis original) (footnotes omitted).

Accordingly, the Court affirms the decision of the district court to deny the petition for the writ inasmuch as substantial evidence was adduced at trial to establish venue for "any element" of the Truesdales' offense in Butler County.