OPINION
 STATEMENT OF THE CASE AND FACTS
On May 2, 1997, the Stark County Grand Jury indicted Ronald L. Heestand, defendant-appellant, with one count of aggravated robbery (R.C. 2911.01), a first degree felony. Appellant pleaded not guilty at the arraignment and the matter proceeded to trial on June 10, 1997. The jury found appellant guilty as charged and the trial court sentenced appellant to a determinate period of incarceration of three years. Appellant now appeals the trial court's judgment of conviction and sentence.
On March 7, 1997, the Alpine Motel at 2175 West State Street, Alliance, Ohio, was robbed. Mr. Madhu Shah, partial owner of the motel, who resided in a home directly behind the office, testified, at approximately 8:20 P.M., two young men entered the motel office and the door buzzer from the motel rang in his home. Mr. Shah identified one of these customers in court as appellant. One man stood by the door and Mr. Sash testified appellant came to the motel desk and asked if he had change for $100.00. Mr. Shah replied he did and had appellant fill out a registration card for a room. Appellant filled out the card in the name of Tim Cline with an Oxford Street, Alliance, Ohio address.
Mr. Shah testified appellant told his companion to check the car for change. Appellant's friend came back into the office and said he found no change. Mr. Shah further testified appellant pulled out a small, two-barrel handgun, pointed the weapon at him and demanded everything he had. Mr. Shah said he had nothing on him and would have to go back into his office if appellant wanted money. Appellant told Mr. Shah to do so. Mr. Shah testified he went into the separate room and pounded loudly on a television set and yelled he was going to get them. At this point, the two men ran out of the motel office and Mr. Shah called the police. Appellant was identified by Mr. Shah later that month through a photo line-up.
Detective John Leech of the Alliance Police Department testified for the defense that he was assigned to investigate the robbery at the Alpine Motel. He testified the registration card filled out by appellant was submitted to the Stark County Crime Lab for fingerprint testing with negative results. Detective Leech further testified Mr. Shah had been consistent in his statements regarding the robbery and chose appellant's picture from the photo line-up without hesitation. Appellant did not testify at trial.
Appellant sets forth the following four assignments of error for our consideration.
 I. THE STATE FAILED TO PROVE THAT THE CRIME SERVING AS THE BASIS FOR THE APPELLANT'S CONVICTION OCCURRED IN STARK COUNTY, OHIO.
 II. THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 IV. OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
In his first assignment of error, appellant alleges the evidence presented at trial was insufficient to establish venue beyond a reasonable doubt. R.C. 2901.12(A) requires "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."
While venue is not an essential element of a charged offense, courts have required that venue be proved by the State beyond a reasonable doubt unless it is waived by the defendant. State v.Headley (1983), 6 Ohio St.3d 475, 477 (State v. Draggo (1981),65 Ohio St.2d 88, 90 followed).
The standard of proof is beyond a reasonable doubt, although venue need not be proved in expressed terms as long as it is established by all the facts and circumstances in the case. Statev. Dickerson (1907), 77 Ohio St. 34, paragraph one of syllabus. As such, the sufficiency of the evidence standard of review established in State v. Jenks has been employed by courts when reviewing a venue claim on appeal. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492.
Rule 29 of the Ohio Rules of Criminal Procedure states, in part:
 (A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustained a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
Appellant made no motion for acquittal at the conclusion of the State's evidence. Appellant did, however, a Crim. R. 29 motion for acquittal after the jury reached its verdict of guilty and prior to sentencing. This was not a timely motion for acquittal pursuant to Crim. R. 29 (A). The court denied appellant's motion. (T.176). See, State v. Young (July 28, 1992), Meigs App. No. 458, unreported, 1992 WL 188485 (failure to make Crim. R. 29 (A) motion waives objection to sufficiency of the evidence regarding venue on appeal); State v. Barnett (1990), 67 Ohio App.3d 760, 772,jurisdictional motions overruled (1990), 55 Ohio St.3d 705
(failure to make Crim. R. 29 (A) motion waives objection to sufficiency of evidence upon appeal).
For the above reasons, we find appellant's failure to file a timely Crim. R. 29 (A) motion for acquittal waives his objection to the sufficiency of the evidence regarding venue on this appeal. This assignment of error overruled.
 II
In his second assignment of error, appellant alleges there was insufficient evidence to establish beyond a reasonable doubt the essential elements of aggravated robbery and the jury's finding of guilt was against the manifest weight of the evidence.
R.C. 2911.01, which defines the offense of aggravated robbery, as charged in this case, states:
 (A) No person, in attempting or committing a theft offense, as defined in R.C. 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that offender possesses it, or use it * * *
Appellant was identified by the victim in open court as the individual who confronted him with a two-barrel gun and demanded everything he had (T.72, 75). The victim testified appellant stood about two feet away from him for approximately seven to eight minutes during the incident. (T.76). Further, the victim identified appellant to Detective John Leech, who testified the victim was consistent in his explanation of the events and exhibited no hesitancy in choosing appellant's photo from several pictures.
The standard of review for appellate courts when reviewing the sufficiency of the evidence challenges is set forth in Statev. Jenks (1981), 61 Ohio St.3d 259, paragraph two of syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
The weight to be given the evidence introduced at trial and the credibility of the witnesses are primarily for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79, syllabus. Further, it is not the function of an appellate court to substitute its judgment for that of the factfinder. Jenks,supra, at 279.
When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law that appellant's conviction was based on insufficient evidence.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Thompkins (1997),78 Ohio St.3d 380, 387 citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of syllabus.
When applying the aforementioned standard of review to the case sub judice, upon our review of the entire record, we find the jury did not clearly lose its way so as to result in a manifest miscarriage of justice. We do not disagree with the jury's resolution of the conflicting testimony.
Based upon the foregoing reasons, appellant's second assignment of error is overruled.
 III
Appellant's third assignment of error raises a claim of ineffective assistance of trial counsel. Appellant maintains his trial counsel was ineffective to the point his defense was prejudiced.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Moreover, because of the difficulties in making the evaluation, a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance. State v. Bradley (1989), 42 Ohio St.3d 136, 142.
The Strickland two-prong test governs claims of ineffective assistance of counsel:
 First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693.
In order to warrant a reversal, appellant must show he was prejudiced by counsel's performance. This requires a showing that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceedings would have been different. Bradley, supra, at paragraph three of syllabus. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.
In the present case, appellant has failed to demonstrate that his trial counsel's performance was deficient or that such performance was prejudicial. At trial, counsel presented evidence through the investigating detective regarding the lapse in time between the incident and the victim's identification of appellant, as well as the identification process, which supported a theory of misidentification to the jury. Nothing shown by appellant or apparent from the record shows that appellant's counsel had a reasonable basis for failure to make a motion for acquittal at the close of the State's case or at the conclusion of all the presented evidence. Further, appellant has failed to establish he was prejudiced by counsel's failure to make the motion.
For all the foregoing reasons, appellant's third assignment of error is overruled.
 IV
Appellant contends, in his fourth assignment of error, a review of the entire record reveals other errors of appellant's conviction and sentencing. We disagree.
We have reviewed the record in this matter and find no errors entitling appellant to a reversal of his conviction.
Appellant's fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, is hereby affirmed.
By: Hoffman, Sr., J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00227
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.