OPINION
On November 19, 1999, the Fairfield County Grand Jury indicted appellant, Thomas M. Chapman, Jr., on twenty counts of illegal processing of drug documents in violation of R.C. 2925.23(B)(1). On April 27, 2000, appellant filed a motion to dismiss claiming a failure to establish "venue" in Fairfield County, Ohio. By memorandum of decision filed June 27, 2000 and judgment entry filed July 12, 2000, the trial court denied this motion. On July 27, 2000, appellant filed a second motion to dismiss for lack of venue and a motion to continue trial date. By judgment entry filed August 7, 2000, the trial court denied both motions. On August 1, 2000, appellant pled no contest to two of the counts. The remaining counts were dismissed. By judgment entry filed August 7, 2000, the trial court sentenced appellant to an aggregate term of twelve months in the Correctional Reception Center in Orient, Ohio, ordered him to pay a $5,000 fine, and imposed three years of community control which included serving thirty days in the Fairfield County Jail. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I THE TRIAL COURT ERRED WHEN IT REFUSED TO DISMISS THE INDICTMENT AS BEING DEFECTIVE FOR LACK OF VENUE.
II THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION FOR A CONTINUANCE AND MOTION FOR A RECORD HEARING TO CONSIDER WITNESS TESTIMONY ON THE ISSUE OF VENUE.
 I
Appellant claims the trial court erred in denying his motion to dismiss for failure to establish "venue" in Fairfield County, Ohio. We disagree. Appellee, the State of Ohio, argues the issue of venue goes to the sufficiency of the evidence and therefore the issue is not preserved for appeal absent a trial of the matter. We disagree with this position. Under Civ.R. 12(B)(1) and (2), defects in the initiation of prosecution or in the indictment are pretrial motions. In State v. Draggo (1981),65 Ohio St.2d 88, the Supreme Court of Ohio examined the issue of venue in light of R.C. 2901.12(A)(G) and (H) which state as follows: (A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed.
(G) When it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any of those jurisdictions.
(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. * * *
The Draggo court found the cited provisions "are statutory reflections of the modern mobility of criminals to perform unlawful deeds over vast geographical boundaries." T. at 90. The court further noted the statutes "effectuate a sensible, efficient approach to justice by permitting one court to hear a matter which has roots in several court jurisdictions." Id. The question therefore is whether any element of the offense occurred in Fairfield County, Ohio. Appellant was charged with illegal processing of drug documents in violation of R.C. 2925.23(B)(1) which states "[n]o person shall intentionally make, utter, or sell, or knowingly possess any of the following that is a false or forged: prescription." Appellant wrote prescriptions in California despite the fact he was not licensed to practice medicine in California although he did have a DEA number. T. at 15. G.R. Communications, as part of a marketing plan, utilized appellant's prescription blanks to ship Lidocaine from California to Ohio and specifically, to a tatoo parlor in Fairfield County, Ohio (Skinsations). T. at 8-9, 20. Although the initial act of placing the illegal prescription in commerce was in California, the actual delivery of the drug obtained via the illegal prescription was to a person in Fairfield County, Ohio, there being a dispute that the place of business, Skinsations, was in Fairfield County, Ohio. Upon review, we find the trial court did not err in denying appellant's motion to dismiss. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying his request for a continuance of the trial date. We disagree. The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 . By entry filed June 28, 2000, the trial court set the matter for jury trial to commence on August 1, 2000. Appellant filed his request for a continuance on July 27, 2000. Pursuant to Crim.R. 12(C), all motions are to be made thirty-five days after arraignment or seven days prior to trial. The motion for continuance was clearly made later than seven days prior to trial. Appellant's request for a continuance was based upon appellee's late disclosure of two expert witnesses (July 25, 2000) and a DEA document which had not been provided to defense counsel as of the time of the filing of the continuance motion, July 27, 2000. Appellant also requested the time to prepare pretrial motions. The pretrial motions would have been out of rule pursuant to Crim.R. 12(C). Any discovery delays that would have prejudiced appellant could have been addressed via Crim.R. 16(E)(3) which states as follows: (3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
Because of the remedies available to appellant on the discovery issue, we find no abuse of discretion by the trial court in denying the motion for continuance. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J. Edwards, P.J. and Wise, J. concur.