DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a conviction for complicity in drug trafficking entered on a no contest plea in the Huron County Court of Common Pleas. Because we conclude that the state failed to establish proper venue for this case, we reverse.
 {¶ 2} On January 24, 2002, a confidential informant for the Willard, Ohio Police Department arranged a drug purchase with Willard resident Charles Osborne. The informant told Osborne that he wanted to buy six 40 milligram tablets of the schedule II drug Oxycontin. Osborne apparently agreed to provide the drugs.
 {¶ 3} Willard police outfitted the informant with a recording device and sent him to Osborne's home. When he arrived, Osborne entered the informant's car and directed him to drive to an apartment in Plymouth, Ohio. Police followed.
 {¶ 4} At the Plymouth apartment complex, Osborne left the informant's car and went into one of the apartments for "several minutes." Osborne returned to the car with appellant, Sheila Bovee. In the car, the informant gave the $240 purchase price to Osborne who relayed it to appellant. Appellant then gave six tablets, later determined to be Oxycontin, to Osborne who kept two and gave the remaining four tablets to the confidential informant. Appellant then exited the car and Osborne and the informant returned to Willard.
 {¶ 5} Willard is in Huron County, Ohio. Portsmouth sits astride the Huron-Richland County line. Appellant's apartment complex is in the Richland County portion of Plymouth.
 {¶ 6} Appellant was indicted by the Huron County Grand Jury initially as a principal in drug trafficking. In a subsequent bill of information, the state added an alternative charge alleging complicity in that appellant aided and abetted drug trafficking. Appellant pled not guilty and the matter proceeded to a jury trial.
 {¶ 7} At the close of the state's opening statement, appellant moved to dismiss the charge on the ground that the state had failed to allege venue in Huron County. The trial court denied the motion pending testimony on the issue. However, when a state's witness testified that the location of the drug purchase was indeed in Richland County, appellant renewed her motion. Following a lengthy conference, appellant agreed to plead no contest to the charge of aiding and abetting drug trafficking and submit the matter to an appeal on stipulated facts. Following a plea colloquy, the trial court found appellant guilty of complicity and sentenced her to a six month period of incarceration. The court stayed execution of the sentence pending appeal. At issue is whether, on these facts, venue was proper in Huron County.
 {¶ 8} Appellant presents this question via the following two assignments of error:
 {¶ 9} "I. The trial court erred by finding the appellant guilty of complicity to drug trafficking based upon the stipulated facts.
 {¶ 10} "II. The trial court erred by overruling the defendant/appellant's motion for acquittal."
 {¶ 11} "In any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *." Section 10, Article I, Ohio Constitution.
 {¶ 12} The statutory embodiment of the constitutional provision is R.C. 2901.12, which, in material part, provides:
 {¶ 13} "2901.12 Venue.
 {¶ 14} "(A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed.
 {¶ 15} "* * *
 {¶ 16} "G) When it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any of those jurisdictions.
 {¶ 17} "(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. * * *."[1]
 {¶ 18} Although venue is not a material element of an offense, it is a fact that must be proved at trial unless waived. State v.Draggo (1981), 65 Ohio St.2d 88, 90.
 {¶ 19} Appellant's argument is that she did not waive proof of venue and that the proof offered was insufficient to establish venue in Huron County. Citing State v. Graven (1977), 52 Ohio St.2d 112,115, appellant maintains that aiding and abetting is an independent offense from the underlying drug trafficking offense and that, in order to establish venue, the state must prove that some element of the offense took place in Huron County. Appellant concedes that the state has established that appellant aided and abetted in the sale of drugs, but insists that the state has not shown that any part of that aid occurred anywhere other than in Richland County. Consequently, appellant contends her conviction should be reversed.
 {¶ 20} The state responds that, but for appellant's assistance, the sale of drugs which began in Huron County could not have been consummated. Appellant's aid then is nothing more than a link in a chain of events which were set in motion in Huron County. Consequently, since some element of the offense was performed in Huron County, venue there is proper.
 {¶ 21} The question before us is whether "any element" of the offense which appellant was convicted was committed in Huron County.State v. Draggo, supra, is instructive in structuring our analysis. InDraggo, the court compared the elements of the criminal statute in question to the facts presented. If the facts establish that any one of the elements of the offense was committed in the county in which the defendant was charged, then venue is proper.
 {¶ 22} In this matter, although appellant was initially indicted as a principal offender, her no contest plea was to "complicity for trafficking drugs".
 {¶ 23} The complicity statute, R.C. 2923.03, in part, provides that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * *
 {¶ 24} "(1) Solicit or procure another to commit the offense;
 {¶ 25} "(2) Aid or abet another to commit the offense;
 {¶ 26} "(3) Conspire with another to commit the offense * * *;
 {¶ 27} "(4) Cause an innocent or irresponsible person to commit the offense."
 {¶ 28} Culpability is not an issue, nor is solicitation or the corruption of innocents. Conspiracy in Huron County might be shown if there was any evidence that appellant had prior contact or understanding with Osborne with respect to this transaction or, for that matter, a regular wholesaler relationship. The state concedes, however, that it has no proof that Osborne contacted appellant in any manner prior to appearing on her Richland County doorstep. We might infer such contact or relationship had appellant been waiting for Osborne to appear, or had she mentioned expecting his arrival, but the stipulated facts state that, "Osborne went into [appellant's] residence; was there for several minutes * * *," then returned to the car with appellant. Moreover, the details of the transaction itself tend to belie any close or trusting relationship between Osborne and appellant. This was a cash transaction. Appellant did not give any drugs to Osborne until Osborne put the money in her hand. On the facts before us, we cannot conclude that any conspiracy reaching into Huron County was shown.
 {¶ 29} With respect to aiding and abetting the sale of drugs, appellant concedes that she did this, but in Richland County, not Huron County. We must concur that there was no evidence direct or circumstantial that any part of appellant's aid reached into Huron County.
 {¶ 30} For venue to be proper, there must be a "significant nexis" between one or more of the elements of an offense and the county in which the charge is brought. Draggo, supra. The stipulated facts considered here are devoid of such connection. Accordingly, appellant's first assignment of error is well-taken. Her second assignment of error is, therefore, moot.
 {¶ 31} Upon consideration whereof, the judgment of the Huron County Court of Common Pleas is reversed and her conviction vacated. This matter is remanded to said court for further proceedings consistent with this decision and judgment entry. Costs to appellee.
JUDGMENT REVERSED.
Richard W. Knepper, J., Judith Ann Lanzinger, J., and Arlene Singer, J. CONCUR.
[1] Section (B) deals with indeterminate jurisdiction of moving vehicles. Section (C) concerns theft offenses. Sections (D), (E) and (F) concern interstate conspiracy or complicity.