{¶ 91} I concur in most of the majority's opinion. Bundy's conviction for conspiracy to commit aggravated robbery must be vacated, but his conviction for aggravated robbery must be affirmed. I write separately because I respectfully dissent from their conclusion that the trial court properly found that Bundy committed the worst form of the offense of aggravated robbery. In reaching this conclusion, the majority relies on facts which do not tend to prove any of the elements of aggravated robbery. However, facts which do not constitute elements of the offense cannot make a crime a more serious form of the offense. The trial court's conclusion that Bundy committed the worst form of the offense is clearly and convincing contrary to law. The matter should be remanded for resentencing.
 {¶ 92} A trial court is only allowed to impose a maximum sentence for an offense upon "offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." R.C. 2929.14(C). The trial court must also give the reasons for those findings on the record at the sentencing hearing. R.C. 2929.19(B)(2)(d); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. When giving these reasons, the trial court must "clearly align each rationale with the specific finding" to support its decision to impose maximum sentences. Id. at ¶ 21.
 {¶ 93} In this case, the trial court found Bundy committed the worst form of the offense. Unfortunately, the reasons the trial court gave for this finding shows that it lost sight of what the phrase "the worst form of the offense" plainly means.
 {¶ 94} An offense is "[a] violation of the law." Black's Law Dictionary (8th Ed. 1999), 1110. In Ohio, all criminal offenses are statutory and the elements necessary to constitute a crime must be gathered wholly from statute. State v. Draggo (1981), 65 Ohio St.2d 88, 91;State v. Cimpritz (1953), 158 Ohio St. 490, paragraph one of the syllabus. The Ohio Revised Code defines an offense "when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a penalty for violation of such prohibition or failure to meet such duty." R.C. 2901.03(B). Thus, a person commits a criminal offense when they engage in conduct which violates a statutory prohibition or fails to meet a statutory duty.
 {¶ 95} Thus, the form of an offense must be comprised either of the offender's conduct prohibited by a particular statute or the offender's conduct failing to meet the prescribed statutory duty. This means that conduct which does not demonstrate one of the elements of an offense cannot be used to demonstrate that the offender committed a more or less serious form of the offense. Accordingly, when a court is determining whether an offender committed the worst form of the offense, the court must look at the offender's conduct constituting the offense and not facts which do not establish the elements of the crime for which the offender is being sentenced.
 {¶ 96} Of course, in many cases where the offender has committed multiple offenses, the seriousness of the offender's conduct as a whole will not be adequately reflected by the seriousness of the conduct which constitutes each of the separate offenses. But the legislature has given trial courts a remedy for this eventuality. When a trial court is determining whether to order that an offender's sentences be served consecutively, it must gauge "the seriousness of the offender's conduct," not the seriousness of the offenses. R.C. 2929.14(E)(4). This statute broadens the scope of the trial court's inquiry and allows it to consider facts which do not establish those constituting the individual offenses. Thus, while the trial court is limited to looking only at the conduct which constitutes an individual offense to determine the seriousness of that offense when setting an appropriate sentence, it is not limited in such a way when determining whether the appropriate sentence for the offense should be served consecutive to that for another offense.
 {¶ 97} In this case, Bundy was convicted of aggravated robbery in violation of R.C. 2911.01(A)(2), which prohibits anyone from having a dangerous ordnance on or about the offender's person or under the offender's control when either attempting or committing a theft offense or in fleeing immediately after the attempt or offense. Thus, when determining whether Bundy committed the worst form of this offense, the trial court should have focused on the facts showing that Bundy was complicit in these elements and the effect his conduct had on the victim. The trial court did not remain focused on those facts when sentencing Bundy.
 {¶ 98} At the sentencing hearing in this case, the trial court told Bundy and his two co-defendants the following:
 {¶ 99} "In the weeks since this trial I have tried to find words that would be adequate to address the situation. I apologize in advance for my inadequacy to properly address these issues in words. In my mind, these acts represent the ultimate act of dishonor and disrespect for everything that is decent and holy in our society. These crimes are so random, so circumstantial, that they represent the fears that all of us have come to feel, that anyone at any time can be in the wrong place at the wrong time and become the victim of a gang of people who is hell bent on nothing but committing the most unspeakable of crimes.
 {¶ 100} "In that respect, you are very much like this sniper who's terrorizing the people in the Washington, D.C. area. Your acts are just as random, just as unconscionable and just as cowardly as his acts are. These are crimes committed by street thugs, punks, who take what they want from innocent, unsuspecting people because they are encouraged and strengthened by the number of people they put together to do this and emboldened by the fact that they run around with armed weapons they put in the faces of innocent and helpless people. I believe these crimes to be the ultimate acts of hatred for other people equally created by God. These are acts of contempt and defiance against all that is good in our society.
 {¶ 101} "I want you to know that I've been here 27 years, first as a bailiff and then as a lawyer, doing the same thing these lawyers have done in this case, and now as a Judge. And I've seen and learned things that in criminal cases I pray my sons and my family never have to see and learn. But in all my time I've never seen a crime so vicious or so evil or so unforgivable. As I listened to this victim's testimony, I felt her fear. I felt her shame. I felt the terror that you reigned [sic] down upon her. I've never felt that in a case before. As you let her go after threatening to kill her and holding the gun to her face, I think I felt a relief, but it's not much relief because what you did will forever alter her life and the lives of all those close to her, and even the lives of every person in this community. You have imposed a life sentence of a very different sort upon this victim and upon her family. She will, we will, have to watch out for and hide from snipers like you from now on.
 {¶ 102} "Because a jury unanimously convicted you of these particular crimes, the law allows this Court to sentence you, but the law is woefully inadequate to properly punish you for these crimes. There should be a punishment more fitting than for you just to do time in jail."
 {¶ 103} The trial court then addressed Bunch and Moore, sentencing them for their crimes. It then turned to Bundy individually.
 {¶ 104} "As regard to the defendant Andre Bundy I don't mind saying that I view his conduct as no worse than the conduct of Jamar Callier. In fact, the State of Ohio had first approached this Court to have this defendant turn State's evidence and receive a recommendation of sentence for seven years. I do not accept the fact and believe that but for Mr. Bundy and Mr. Callier, Mr. Bunch and/or Mr. Moore would have killed the victim. I can't give anyone any accolades for that. Dear God, he better have done something. And because he did do something, the State of Ohio didn't charge him as a complicitor to all of these other crimes. And please make no mistake about it, someone who aides and abets another in the commission of a crime is just as guilty as the person who personally performs every act of that crime.
 {¶ 105} "To follow these guys after they abducted this woman is what you want me to believe, and to sit there in a car while she went through this unbelievable reign of terror listening to the music and just hanging out while your buddies were doing what they were doing is just as unforgivable as what they did. The prosecuting attorney has already given you all of the consideration you're entitled to, and the jury gave you even further consideration by finding you not guilty of one of the charges of aggravated robbery."
 {¶ 106} The trial court then proceeded to impose maximum prison terms for aggravated robbery and conspiracy to commit aggravated robbery and ordered that those terms be served consecutively.
 {¶ 107} The trial court's comments at the sentencing hearing demonstrate that it considered M.K.'s kidnapping and rape as well as the count of aggravated robbery that Bundy was acquitted of when it sentenced Bundy. It included Bundy in its discussion of the "vicious", "evil", and "unforgivable" acts committed in this case and found that it was "unforgivable" for Bundy, someone suffering from cerebral palsy, to remain sitting in the car while M.K. was being violated. Finally, the trial court referred to the "consideration" Bundy had already received from the prosecutor and grand jury when it did not charge him with kidnapping or rape charges as well as that from the jury when it acquitted him of one count of aggravated robbery. Clearly, the sentence the trial court imposed on Bundy was based, at least in part, on facts which are completely unrelated to the crime for which he was convicted, aggravated robbery in violation of R.C. 2911.01(A)(2).
 {¶ 108} The trial court's approach disregards the statutory focus on worst form of the offense for an approach dealing with the worst form of the facts surrounding the offense. Such an approach surely has its merits and the legislature could have specified that courts use that approach when sentencing offenders for a criminal offense, but it did not. Instead, it limited courts to considering the worst form of the offense for which the defendant was convicted.
 {¶ 109} In affirming the trial court's decision, the majority largely ignores the reasons the trial court states as the basis for finding that Bundy committed the worst form of the offense. The majority cites the trial court's reference to the randomness and circumstantial nature of the crime and the terror the victim felt during the course of events. But the trial court's own words clearly indicate that the main reason it found that Bundy committed the worst form of the offense was due to the crimes, particularly the rapes, that Bundy's co-defendants committed against the victim. This is evidenced by the trial court's reference to Bundy "sit[ting] there in a car while she went through this unbelievable reign of terror listening to music and just hanging out while your buddies were doing what they were doing" when giving its reasons for finding that he committed the worst form of the offense. The entire tone of the trial court's statements shows that it intended to punish Bundy as much for the criminal acts for which he was not indicted, such as the rapes and kidnapping, as much as it intended to punish him for the crime for which he was convicted, the aggravated robbery.
 {¶ 110} Furthermore, some of the reasons the majority gives in support of a finding of worst form of the offense are meaningless. The fact that a crime is random and circumstantial in nature does not make it more serious. Instead, prior calculation and design makes a crime more serious. See R.C. 2903.01(A) (A murder is an aggravated murder if accomplished with prior calculation and design). If a crime's randomness and circumstantial nature make the crime more serious and a crime's lack of randomness due to prior calculation and design makes the crime more serious, then there is no amount of planning or lack thereof at which the trial court cannot apply this factor.
 {¶ 111} Essentially, applying this factor in this way to say that Bundy committed the worst form of the offense is not much different than the trial court's decision that Bundy's co-defendant, Bunch, committed the worst form of the offense because, in part, of the victim's age. SeeState v. Bunch, 7th Dist. No. 02 CA 196, 2005-Ohio-___, at ¶ 162. As this court stated in Bunch, we cannot allow a trial court to apply a factor in such a way that the factor can be applied to everyone, since this type of application renders the factor meaningless. Id.
 {¶ 112} Thus, the only proper factor the majority relies upon to affirm the trial court's finding that Bundy committed the worst form of the offense is the terror the victim felt during the course of events that night. But the trial court's statements show that it found the terror the victim suffered was largely because of the rape and kidnapping Bundy's co-defendants committed, not the aggravated robbery that he was complicit in committing. The majority cannot affirm the trial court's finding that Bundy committed the worst form of the offense because of the victim's level of terror when that terror was, for the most part, due to offenses of which Bundy was not convicted.
 {¶ 113} By affirming the trial court's finding that Bundy committed the worst form of the offense, the majority is ignoring the rationale the trial court clearly aligned with that finding. The trial court clearly sentenced Bundy to a maximum prison sentence because he was present while his co-defendants kidnapped and savagely raped the victim. Yet these crimes had nothing to do with the elements of the offense of which Bundy was convicted, aggravated robbery in violation of R.C. 2911.01(A)(2). The trial court's conclusion that Bundy committed the worst form of the offense is clearly and convincingly contrary to law. This case should be remanded for resentencing so the trial court may properly impose a sentence upon Bundy.