[Cite as *State v. Nelms*, 2014-Ohio-3316.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DAVID NELMS | : | Case No. 13 CAA 07 0055 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Case No. 12CRI090362


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   July 28, 2014


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

KYLE ROHRER                                 WILLIAM T. CRAMER
140 North Sandusky Street                   470 Olde Worthington Road
3rd Floor                                   Suite 200
Delaware, OH  43015                         Westerville, OH  43082

*Farmer, J.*

{¶1}   On September 28, 2012, the Delaware County Grand Jury indicted appellant, David Nelms, on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, one count of trafficking in persons in violation of R.C. 2905.32, one count of trafficking in heroin in violation of R.C. 2925.03, one count of possession of heroin in violation of R.C. 2925.11, five counts of compelling prostitution in violation of R.C. 2907.21, and eight counts of promoting prostitution in violation of R.C. 2907.22.   Fourteen of the counts included a human trafficking specification pursuant to R.C. 2941.1422.

{¶2}   On February 21, 2013, appellant filed a motion to dismiss for lack of proper venue, claiming all but one of the alleged offenses did not occur in Delaware County.  A hearing was held on March 15, 2013.  By judgment entry filed March 19, 2013, the trial court denied the motion.

{¶3}   On June 11, 2013, appellant pled no contest to the engaging in a pattern of corrupt activity and the possession of heroin counts.  The remaining counts, including the specifications, were dismissed.  By judgment entry filed June 12, 2013, the trial court found appellant guilty.  By judgment entry filed June 25, 2013, the trial court sentenced appellant to an aggregate term of twelve years in prison.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE DELAWARE COUNTY COURT OF COMMON PLEAS HAD NO SUBJECT MATTER JURISDICTION OVER THIS CASE BECAUSE THE DELAWARE

COUNTY GRAND JURY HAD NO AUTHORITY TO RETURN AN INDICTMENT FOR CRIMES COMMITTED IN FRANKLIN COUNTY."

I

{¶6}    Appellant claims the trial court lacked subject matter jurisdiction as the crimes alleged were committed in Franklin County, not Delaware County.  We disagree.

{¶7}    On February 21, 2013, appellant filed a motion to dismiss for lack of proper venue, claiming the crimes were not committed in Delaware County and seeking a change of venue.  Appellant argued with the exception of a single count, the offenses occurred in Franklin County, and the facts do not support a "course of criminal conduct" theory for establishing venue under R.C. 2901.12(H) which states the following:

> (H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred.  Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:
>
> (1) The offenses involved the same victim, or victims of the same type or from the same group.
>
> (2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.

(3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.

(4) The offenses were committed in furtherance of the same conspiracy.

(5) The offenses involved the same or a similar modus operandi.

(6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination.

{¶8} The state argues Count 1, engaging in a pattern of corrupt activity in violation of R.C. 2923.32, has already been reviewed in light of the venue issue. As explained by this court in *State v Yates,* 5th Dist. Licking No. 2009 CA 0059, 2009-Ohio-6622, ¶ 51-55:

Appellant was convicted of one count of Engaging in a Pattern of Corrupt Activity, one count of Theft, one count of Possession of Criminal Tools, and one count of Forgery. Pursuant to R.C. 2901.12(H), if these offenses constitute a course of criminal conduct, then venue lies for all those offenses in any jurisdiction in which Appellant committed any one offense or any element thereof. *State v. Giffin* (1991), 62 Ohio App.3d 396, 399, 575 N.E.2d 887.

In *State v. Giffin,* the Tenth District Court of Appeals held that a prosecution for engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) is properly venued in any county in which a portion of the

corrupt activity occurred or in which an organization formed for the purpose of engaging in corrupt activity is based. See also, *State v. Haddix* (1994), 93 Ohio App.3d 470, 638 N.E.2d 1096.

The defendant in *Giffin,* supra, was convicted of aggravated burglary, aggravated robbery, theft, and engaging in a pattern of corrupt activity based upon his activities in a burglary ring that conducted burglaries in Fairfield, Pickaway, and Pike Counties. None of the offenses were committed in Franklin County, but the defendant was tried in Franklin County on those charges.

The evidence from the trial revealed that the hub of the burglary ring was located in Franklin County. In finding that venue was proper in Franklin County, although the defendant was not directly involved in the Franklin County activity, the Tenth District stated:

"Consequently, if at least one element of one of the offenses making up the course of criminal conduct was committed in Franklin County, defendant's trial was properly venued in that jurisdiction. The elements of a crime are the constituent parts of an offense which must be proved by the prosecution to sustain a conviction. Elements necessary to constitute a crime must be gathered wholly from the statute and not *aliunde.   State v. Draggo* (1981), 65 Ohio St.2d 88, 91, 19 O.O.3d 294, 295, 418 N.E.2d 1343, 1346.["]

{¶9}    Appellant entered no contest pleas to one count of engaging in a pattern of corrupt activity and one count of possession of heroin.  Based upon the sufficiency to establish proper venue, the remaining counts, as a part of appellant's criminal enterprise, vests the jurisdiction of Delaware County.  In support of this course of criminal conduct theory, the state cited to fifteen incidents wherein hotels were rented with appellant's online travel accounts for the purpose of prostitution.  March 15, 2013 T. at 5-6; June 11, 2013 T. at 16-17.  The hotels were located in Delaware County.  *Id.* For each of these, although appellant managed his prostitution enterprise from Franklin County, his "employees" traveled to Delaware County and then returned to Franklin County to pay appellant.  March 15, 2013 T. at 5-6.

{¶10} Pursuant to R.C. Chapter 2939 and R.C. 2901.12(H), we find the trial court's venue and the grand jury's jurisdiction were proper in Delaware County.

{¶11}  The sole assignment of error is denied.

{¶12}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

SGF/sg 714