[Cite as *State v. Nelms*, 2015-Ohio-3202.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 14 CAA-11-0073 |
| DAVID NELMS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No.  12 CRI 09 0362


JUDGMENT:    Dismissed


DATE OF JUDGMENT ENTRY:    August 10, 2015


APPEARANCES:

For Plaintiff-Appellee

CAROL HAMILTON O'BRIEN
PROSECUTING ATTORNEY
DOUGLAS N. DUMOLT
ASSISTANT PROSECUTOR
140 North Sandusky Street, 3rd Floor
Delaware, Ohio  43015

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road
Suite 200
Westerville, Ohio  43082

*Wise, J.*

{¶1}. Appellant David Nelms appeals the decision of the Court of Common Pleas, Delaware County, which denied his petition for post-conviction relief. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}. In September 2012, the Delaware County Grand Jury indicted Appellant Nelms on one count of engaging in a pattern of corrupt activity ("EPCA"), one count of trafficking in persons, one count of trafficking in heroin, one count of possession of heroin, five counts of compelling prostitution, and eight counts of promoting prostitution. Fourteen of the counts included a human trafficking specification pursuant to R.C. 2941.1422.

{¶3}. On February 21, 2013, appellant filed a motion to dismiss for lack of proper venue, claiming all but one of the alleged offenses did not occur in Delaware County. The trial court conducted a hearing on the motion to dismiss on March 15, 2013. Via judgment entry filed March 19, 2013, the court denied the motion.

{¶4}. On May 20, 2013, appellant filed a motion to suppress evidence, arguing that the search warrant affidavits utilized by the investigating police officers did not provide a basis for probable cause. The next day, the trial court issued a judgment entry finding the motion to suppress had been untimely filed, and denying same.

{¶5}. On June 11, 2013, appellant appeared before the trial court and pled no contest to the EPCA count and the heroin possession counts, pursuant to a plea agreement with the State. The remaining counts, including the specifications, were dismissed. Via judgment entry filed June 12, 2013, the trial court found appellant guilty.

The trial court thereafter sentenced appellant to an aggregate term of twelve years in prison.

{¶6}. Appellant thereupon filed a direct appeal to this Court, raising in the single assigned error his claim that the trial court lacked subject matter jurisdiction because the crimes alleged were committed in Franklin County, not Delaware County. This Court overruled the assignment of error, finding that pursuant to R.C. Chapter 2939 and R.C. 2901.12(H), the trial court's venue and the grand jury's jurisdiction were proper in Delaware County. *See State v. Nelms*, 5th Dist. Delaware No. 13 CAA 07 0055, 2014-Ohio-3316, issued July 28, 2014. Appellant then sought review in the Ohio Supreme Court. On February 18, 2015, however, the Court declined to accept jurisdiction. *See State v. Nelms*, 141 Ohio St.3d 1475, 25 N.E.3d 1081, 2015-Ohio-554.

{¶7}. On April 18, 2014, while his aforesaid direct appeal was pending, appellant filed a pro se petition for post-conviction relief. Appellant therein set forth three arguments in support. First, he alleged his trial counsel was constitutionally deficient for failing to properly demonstrate to the trial court the alleged lack of venue. Secondly, he alleged his trial counsel failed to timely file a motion to suppress evidence obtained via search warrants. Finally, he alleged trial counsel was not prepared for various hearings, referencing counsel's motion to withdraw as counsel.

{¶8}. On April 28, 2014, the State filed a memorandum contra appellant's PCR petition.

{¶9}. On May 20, 2014, appellant filed a "reply motion" regarding the State's memorandum contra.

{¶10}. On June 30, 2014, the trial court issued a judgment entry denying appellant's PCR petition without a hearing.

{¶11}. Appellant filed a pro se notice of appeal on August 1, 2014. That appeal was designated as case number 14CAA080043 in this Court. However, via judgment entry dated August 21, 2014, we dismissed that appeal as untimely under the thirty-day rule of App.R. 4(A). Appellant, via counsel, sought reconsideration of said dismissal, which we denied on October 27, 2014.

{¶12}. Appellant, again via counsel, then filed a new notice of appeal on November 4, 2014 with a request for leave to file a delayed appeal under App.R. 5(A). On December 15, 2014, this Court granted leave to appeal under the present case number, 14CAA110073.

{¶13}. Appellant now raises the following sole Assignment of Error:

{¶14}. "I.   THE TRIAL COURT VIOLATED THE STATE AND FEDERAL CONSTITUTIONS, AND R.C. 2953.21, BY DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING."

I.

{¶15}. In his sole Assignment of Error, appellant contends the trial court erred and violated his constitutional rights by denying his PCR petition without holding a hearing.

{¶16}. It is well-settled that a petition for post-conviction relief brought pursuant to R.C. 2953.21 will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. *State v. Jackson,*

Delaware App.Nos. 04CA–A–11–078, 04CA–A–11–079, 2005–Ohio–5173, ¶ 13, citing *State v. Walden* (1984), 19 Ohio App.3d 141, 146, 483 N.E.2d 859. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Wilhelm,* Knox App.No. 05–CA–31, 2006–Ohio–2450, ¶ 10, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819.

{¶17}. However, before we can consider the merits of the within appeal, we must consider our jurisdiction to further proceed. "Where an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits, and the appeal must be dismissed." *State v. Myers,* 9th Dist. Wayne No. 08CA0041, 2009–Ohio–2082, ¶ 7.

{¶18}. Appellant herein has tried to overcome the jurisdictional timeliness barrier of App.R. 4(A) by relying on App.R. 5(A), which allows for seeking leave to pursue a delayed appeal regarding, *inter alia*, "criminal proceedings." However, the Ohio Supreme Court, in *State v. Nichols* (1984), 11 Ohio St.3d 40, 463 N.E.2d 375, held that a petition for post-conviction relief is a civil action to which an App.R. 5(A) motion for delayed appeal does not apply.

{¶19}. While we recognize the parties in the case sub judice have already duly briefed this case, we cannot ignore the clear holding of *Nichols*.

{¶20}. Accordingly, we hold the present appeal was improvidently allowed and must be dismissed for want of appellate jurisdiction.

{¶21}. For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby dismissed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/d 0710