OPINION
{¶ 1} Defendant-appellant, Michael W. Aldrich, appeals his conviction in Madison County Court of Common Pleas for trafficking in drugs.
 {¶ 2} Appellant presented a total of three assignments of error in separate appeals. The two appeals were consolidated into one case by this court.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT VIOLATED THE CONFRONTATION CLAUSE BY *Page 2 
ADMITTING THE TAPED STATEMENTS OF THE CONFIDENTIAL INFORMANT WHEN THE INFORMANT WAS NOT CALLED TO TESTIFY AND SHE WAS NOT CONSIDERED UNAVAILABLE UNDER THE RULES OF EVIDENCE."
 {¶ 5} The admission of evidence lies within the broad discretion of a trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice. State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, ¶ 43.
 {¶ 6} The Sixth Amendment's Confrontation Clause provides that, in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. Crawford v. Washington
(2004), 541 U.S. 36, 42, 124 S.Ct. 1354. The confrontation clause applies to testimonial hearsay, with testimony defined typically as a solemn declaration or affirmation made for the purpose of establishing or proving some fact. Davis v. Washington (2006), 547 U.S. 813,126 S.Ct. 2266. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C).
 {¶ 7} The charge against appellant in this case arose as the result of a transaction reportedly arranged by a confidential informant ("informant"). The identity of the informant was revealed to appellant, but neither party called her to testify. An undercover police officer was present at the alleged transaction and testified at trial that he asked appellant to secure him "a ball," which he explained was "street lingo" for one-eighth of an ounce of cocaine.
 {¶ 8} The recording of the transaction was introduced at trial through the police officer, who was wearing the wire that transmitted the conversations. The informant's statements on the recording were made during conversations involving the informant, appellant, and the undercover police officer. The entire encounter encompassed approximately four minutes. *Page 3 
 {¶ 9} We find that the admission of the informant's statements on the tape did not violate the Confrontation Clause. State v. Smith, 162 Ohio App.3d. 208, 2005-Ohio-3579, ¶ 14, 16 (informant's taped statements not offered for the truth of the matter, but provided "a context within which to understand" the encounter; statements were not testimonial and did not violate the defendant's constitutional right to confrontation); see Crawford at 51 ("An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not"); see United States v.Sexton (C.A.6, 2005), 119 Fed.Appx. 735, see, generally, State v.Johnson, Stark App. No. 2005CA00148, 2006-Ohio-4066.
 {¶ 10} We note that appellant argues in his second assignment of error that the tape in question contained no information that would convince a jury that he offered to sell drugs, and, in fact, "[t]he tape actually contains evidence to the contrary." Appellant is now asking this court to find that he was prejudiced by the introduction of an audiotape that he also claims exonerates him of the drug charge. Appellant's arguments are not well-taken. The trial court did not abuse its discretion in admitting the taped statements. Appellant's first assignment of error is overruled.
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "THE TRIAL COURT ERRED IN ENTERING A VERDICT OF GUILTY WHERE THE STATE OF OHIO PRESENTED NO EVIDENCE TO ALLOW THE JURY TO DETERMINE, BEYOND A REASONABLE DOUBT, THAT APPELLANT WAS GUILTY, MAKING THE JURY'S VERDICT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 13} Appellant fashions this assignment of error as a manifest weight of the evidence challenge, and, therefore, we will address it as such. In reviewing an assignment of error contesting the manifest weight of the evidence for a conviction, the question is whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest *Page 4 
miscarriage of justice that the conviction must be reversed. SeeState v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39.
 {¶ 14} The record indicates that police asked the informant to attempt to contact those individuals she had previously encountered when she was obtaining illegal drugs. Appellant was one of the individuals contacted by the informant. The undercover officer testified that he did not hear the content of the informant's telephone conversation with appellant, but as a result of the conversation, police expected appellant to stop by the informant's residence within a specific time frame.
 {¶ 15} While police were waiting for his arrival, a vehicle stopped at the informant's residence. Appellant was seated in the front passenger seat of the vehicle. The informant and the undercover officer approached the vehicle and engaged in a conversation with appellant. The informant introduced the officer as a friend of Bruce.[1]
 {¶ 16} As we previously noted above, the officer requested drugs from appellant when he asked appellant if he could secure a "ball." The officer testified that appellant said nothing, but nodded his head in the affirmative. The officer indicated that he had $160 in cash in his hand, but did not know how to deliver it to appellant. The officer testified that appellant looked at the armrest where he was seated, and watched the officer place the money in the armrest. The officer verbally told appellant that he placed the money there.
 {¶ 17} The officer testified appellant never protested or appeared confused about the money placed in the armrest. The officer twice asked appellant whether he would be "coming back." Appellant eventually said, "yeah," after he was asked for the second time. Appellant drove away with the money in the car and did not return.
 {¶ 18} The audiotape of the transaction was partially inaudible. Appellant asserts that *Page 5 
he could be heard saying, "nothing against you," and later stating, "I can't help ya, I'm telling ya." The officer was specifically asked at trial to comment on the statement, "nothing against you." The officer acknowledged that appellant said, "nothing against you," but indicated that he believed appellant made the statement because appellant was unwilling to have someone he just met hand money directly to him.
 {¶ 19} Appellant argues that the statements on the tape constitute clear evidence that appellant was refusing the undercover officer's request that he sell him drugs. As we previously noted, appellant argues that the taped conversation presents no evidence that appellant agreed to sell drugs, no evidence that appellant agreed to take money for drugs, and since appellant did not return with drugs, no evidence of a sale or offer to sell other than the officer's testimony.
 {¶ 20} We understand that the jury reviewed the taped conversation and was aware of the statements therein. We are cognizant that proof of appellant's assent to the question of whether he could secure drugs for the undercover officer is based upon the officer's testimony that appellant nodded his head affirmatively. We are also mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v.DeHass (1967), 10 Ohio St.2d 230, 231. The jury in the case at bar found the officer's testimony credible.
 {¶ 21} Appellant also argues that the evidence presented does not show an offer to sell drugs. The offer to sell a controlled substance means to declare one's readiness or willingness to sell a controlled substance or to present a controlled substance for acceptance or rejection.State v. Henton (1997), 121 Ohio App.3d 501, citing State v. Burton
(Mar. 31, 1995), Greene App. No. 94-CA-13. The issue of whether a defendant knowingly made an offer to sell a controlled substance must be determined by examining the totality of the circumstances, including the dialogue and course of conduct of the defendant. Id.; see, also, *Page 6 State v. Scott (1982), 69 Ohio St.2d 439, syllabus (a person can "offer to sell a controlled substance" in violation of R.C. 2925.03(A)(1) without transferring a controlled substance to the buyer); see, also,State v. Scott (Sept. 27, 1990), Franklin App. No. 90AP-255 (police officer testified that in his experience, the defendant's nods and eye contact represented initial contact in offer to sell drugs).
 {¶ 22} We have reviewed the record and all the arguments set forth by counsel, including appellant's assertion that the undercover officer's charging decision was flawed and his trial testimony unreliable because appellant took the $160 in cash, and the officer took that theft "personally."
 {¶ 23} Applying the applicable standard of review on a manifest weight of the evidence challenge, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Appellant's second assignment of error is overruled.
 {¶ 24} Assignment of Error No. 3:
 {¶ 25} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE."
 {¶ 26} Under Crim. R. 33(A)(6), a new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: * * * "When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *"
 {¶ 27} To grant a motion for a new trial based on the ground of newly-discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not *Page 7 
merely impeach or contradict the former evidence. State v. Hawkins
(1993), 66 Ohio St.3d 339, 350.
 {¶ 28} The decision to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court and, will not be disturbed absent an abuse of discretion. Id.
 {¶ 29} A review of the record indicates that appellant attached to his motion a copy of a hand-written note purportedly written months after the trial by the informant. The letter covered various topics and was sent to the informant's lawyer, who also represented appellant at trial. The author of the letter indicated that during the encounter in question, she asked appellant to buy her drugs, appellant refused, and she threw money into the informant's vehicle to make it appear as if a drug transaction had occurred.
 {¶ 30} The trial court reviewed the motion and found that "there remains no probability that the result of the trial would have changed." The trial court noted that the informant's "testimony" did not impeach the undercover police officer's testimony at trial. The trial court found that the jury's findings were not based upon the informant's actions, but were the result of the officer's testimony about what occurred between the undercover officer and appellant. We do not find that the trial court abused its discretion in denying appellant's motion for a new trial based on newly-discovered evidence. Appellant's third assignment of error is overruled.
 {¶ 31} Judgment affirmed.
BRESSLER, P.J., and POWELL, J., concur.
[1] 1. Although the officer believed that "Bruce" was the informant's husband, the identity of "Bruce" was never clearly established at trial. *Page 1