[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Moore*, Slip Opinion No. 2022-Ohio-1460.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

**SLIP OPINION NO. 2022-OHIO-1460**

**THE STATE OF OHIO, APPELLANT, *v.* MOORE, APPELLEE.**

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Moore*, Slip Opinion No. 2022-Ohio-1460.]**

*Criminal law—Venue—Retaliation—R.C. 2921.05(B)—Venue for the crime of retaliation under R.C. 2921.05(B) is proper where the defendant committed the criminal offense or any of its elements, not where the victim previously pursued criminal charges against the defendant—Judgment affirmed.*

(No. 2021-0266—Submitted February 9, 2022—Decided May 5, 2022.)

APPEAL from the Court of Appeals for Erie County,

No. E-18-064, 2020-Ohio-6781.

_____

**FISCHER, J.**

## I.  Facts and Procedural History

{¶ 1} In this case, we are asked to decide whether venue for the crime of retaliation is proper in the county where the victim previously pursued criminal charges against the defendant and where the victim was located when the alleged retaliation occurred, even if the defendant did not take any action there.  Based on

constitutional venue requirements and the statutory elements of retaliation, we hold that it is not. Accordingly, we affirm the judgment of the Sixth District Court of Appeals.

**{¶ 2}** Gerry Moore Sr., lived with his wife of 21 years, Diane Moore, in Erie County until Diane filed for divorce in 2015. Approximately one month after Diane filed for divorce and while they were living separately, Moore snuck into Diane's Erie County home, held her at gunpoint, and attempted to kidnap her. Diane escaped, and as she was running away, Moore shot at her. Diane called 9-1-1 and law-enforcement officers later apprehended Moore.

**{¶ 3}** Felony charges were brought in Erie County, and Moore pled guilty to felonious assault, kidnapping, failure to comply with an order or signal of a police officer, and inducing panic (the "2015 crimes"). Moore was sentenced to 8 years and 11 months in prison.

**{¶ 4}** In 2017, while Moore was incarcerated in Marion County for his 2015 crimes, he told his cellmate, Richard Kiser, that he blamed Diane for his incarceration. Moore then offered Kiser $50,000 to kill Diane if Kiser were to be released from prison before him. According to Kiser, Moore asked him to go to two bars that Diane frequented and "slip her a lethal dose of drugs to end her life." Moore drew Kiser a map showing the locations of the two bars, Diane's residence, and Diane's place of employment, which were all in Erie County.

**{¶ 5}** Kiser contacted Diane's divorce attorney about Moore's plot to kill Diane, and Diane's attorney contacted Erie County law enforcement. Erie County law enforcement reached out to Kiser, who agreed to wear a recording device. The recording device captured Moore encouraging Kiser to kill Diane; Moore referred to the map he had drawn for Kiser, and he suggested several locations in Erie County where Kiser could kill Diane.

**{¶ 6}** Based on Kiser's statements and the recordings, Moore was indicted in Erie County for retaliation, attempted aggravated murder, and conspiracy (the

2

"2017 charged offenses"). Before trial, Moore objected to venue and requested that the proceedings be transferred to Marion County, where he was incarcerated when the conversations with Kiser occurred. The trial court summarily denied Moore's motion.

{¶ 7} At trial, appellant, the state, alleged that Moore committed retaliation against Diane because she had pursued criminal charges against him for the 2015 crimes that led to his incarceration. At the close of the state's case-in-chief, Moore moved for an acquittal under Crim.R. 29. Moore argued that he must be acquitted of retaliation because there was no evidence that he reasonably expected Diane to learn of his threats against her. Moore further argued that the state failed to prove venue because all the events giving rise to the charges occurred while he was incarcerated in Marion County. The state responded that venue was proper in Erie County for the retaliation charge because the 2015 crimes had occurred in Erie County and Diane had pursued the original charges there. The state then argued that venue was proper in Erie County for the other charges because they were part of the same course of criminal conduct as the retaliation offense.

{¶ 8} The trial court denied Moore's motion and held that venue was proper under R.C. 2901.12. The jury then found Moore guilty on all three charges, and the trial court sentenced him to 22 years in prison.

{¶ 9} Moore appealed to the Sixth District Court of Appeals, again challenging venue and sufficiency of the evidence on the retaliation claim. The Sixth District reversed Moore's retaliation conviction because it found no evidence that Moore reasonably expected his threats to be communicated to Diane. The Sixth District also found that the state failed to prove venue for the retaliation charge because all of Moore's conversations with Kiser had occurred in Marion County. Because venue for all the 2017 charged offenses was based solely on venue for the retaliation charge under R.C. 2901.12(H), the Sixth District reversed Moore's convictions for all three charges.

**{¶ 10}** We accepted the state's discretionary appeal to consider the following proposition of law: "The offense of retaliation occurs in three venues, the place where the defendant made the threat, the place where the victim prosecuted prior charges and the location of the victim." *See* 163 Ohio St.3d 1417, 2021-Ohio-1606, 167 N.E.3d 982.

## II. Analysis

**{¶ 11}** Venue is established under Article I, Section 10 of the Ohio Constitution, which requires criminal trials to be held in the "county in which the offense is alleged to have been committed." Likewise, R.C. 2901.12(A) requires criminal trials to be held "in the territory of which the offense or any element thereof was committed." This statute also allows offenses committed in other jurisdictions "as a part of a course of criminal conduct" to be tried "in any jurisdiction in which one of those offenses or any element of one of those offenses occurred." R.C. 2901.12(H).

**{¶ 12}** The state's claim of proper venue in this case rests entirely on the retaliation charge. The retaliation statute reads in part: "No person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against the victim of a crime because the victim filed or prosecuted criminal charges." R.C. 2921.05(B). The state's main argument is that the victim's pursuit of criminal charges against a defendant is an element of retaliation; therefore, venue for the retaliation charge in this case is proper in Erie County because that is where Diane pursued criminal charges against Moore in 2015. The state further contends that venue for the attempted-aggravated-murder and conspiracy charges is proper in Erie County under R.C. 2901.12(H) because those offenses were committed in the same "course of criminal conduct" as the retaliation offense.

**{¶ 13}** The state claims that venue is proper in Erie County for the retaliation charge because one of the elements of retaliation under R.C. 2921.05(B) is that "the victim filed or prosecuted criminal charges" against the defendant.

However, in reviewing the statute, it is clear that that phrase is really part of the broader requirement that the defendant retaliated against the victim "*because* the victim filed or prosecuted criminal charges." (Emphasis added.) R.C. 2921.05(B). The word "because" indicates that what is important is *why* the defendant used force against or threatened to harm the victim. Division (B) of the retaliation statute does not criminalize using force against or threatening someone who previously pursued criminal charges if the reason for the use of force or the threat is unrelated to the original charges. The force or threat of harm must be committed *because* the victim filed or prosecuted criminal charges against the defendant. The element describes the required reason for the act.

{¶ 14} This textual reading of the offense's elements not only fits the statutory language, it is also in accord with the Ohio Constitution and Ohio's venue statute. Article I, Section 10 of the Ohio Constitution provides criminal defendants the right to a jury trial in "the county in which the offense is alleged to have been committed." Likewise, R.C. 2901.12(A) requires criminal trials to be held "in the territory of which the offense or any element of the offense was committed." Both require the trial to be held where the offense or any of its elements were "committed." Article I, Section 10, Ohio Constitution; R.C. 2901.12(A). Neither a criminal offense nor its elements are committed by the victim. Elements of a crime are committed by the defendant. Thus, for an R.C. 2921.05(B) retaliation charge, venue is proper where the defendant committed the criminal offense or any of its elements, not where the victim previously pursued criminal charges against the defendant.

{¶ 15} While the state argues that its position is supported by this court's decision in *State v. Chintalapalli*, 88 Ohio St.3d 43, 45, 723 N.E.2d 111 (2000), this case is distinguishable. In *Chintalapalli*, this court held that when a defendant fails to pay court-ordered child support, the violation of that order occurs where the defendant resides and in the county that issued the order. However, the defendant

in *Chintalapalli* lived outside Ohio, so the case involved the application of R.C. 2901.11(A)(4), which grants the state jurisdiction over people outside the state who fail to perform a legal duty imposed by the state. This court concluded that under R.C. 2901.11(A)(4), the failure to pay child support occurs both where the defendant resides and where the defendant is required to perform the legal obligation.

**{¶ 16}** Unlike the crime at issue in *Chintalapalli*, retaliation is not an act of omission or a failure to comply with a court order. It is an act of commission, which requires the defendant to take affirmative action. As an act of commission, the elements of retaliation must be committed by the defendant. Again, the final element in division (B) of the retaliation statute sets forth the required reason for the defendant's use of force or threat of harm and is committed by the defendant, not the victim.

**{¶ 17}** The state further suggests that venue is proper in Erie County because Moore has a "significant nexus" with Erie County. However, this court previously made clear that the "significant nexus" language in *State v. Draggo*, 65 Ohio St.2d 88, 92, 418 N.E.2d 1343 (1981), does not alter statutory venue requirements. *State v. Headley*, 6 Ohio St.3d 475, 478, 453 N.E.2d 716 (1983). In *Draggo*, the defendant was a highway field examiner who was charged in Franklin County with falsifying records. The defendant challenged venue because his work territory included eight counties, but not Franklin. This court held that venue was proper in Franklin County under R.C. 2901.12(G) and (H). When *Draggo* was decided, R.C. 2901.12(G) read:

> When it appears beyond a reasonable doubt that any offense or any element thereof was committed in any of two or more jurisdictions, but it cannot reasonably be determined in

6

which jurisdiction the offense or element was committed, the offender may be tried in any such jurisdiction.

*Draggo* at 90; Am.Sub.H.B. No. 511, Section 1,134 Ohio Laws, Part II, 1894, 1895.

{¶ 18} In *Draggo*, this court reasoned that the defendant "answered directly to his supervisor in Franklin County; that he knowingly submitted his falsified daily activity reports to Franklin County in an attempt to defraud his supervisor; that he went to Franklin County when directed to do so by his supervisor; and that he received his salary by means of state warrants issued in Franklin County." *Id.* at 92. Therefore, the court held that while it was impossible to determine where the defendant had actually falsified his reports, the defendant had a "significant nexus" with Franklin County that satisfied the "any element" requirement of R.C. 2901.12(G). *Draggo* at 92. However, in *Headley*, this court made clear that *Draggo* does not alter the requirement in R.C. 2901.12(G) that one of the elements of the crime must have been committed in the jurisdiction where the trial will take place. A "significant nexus" is not enough. *Headley* at 478.

{¶ 19} The state also advocates that R.C. 2901.12(H) provides venue for all offenses that were "part of a course of criminal conduct" regardless of whether some of the offenses were already prosecuted. The state argues that Moore's 2015 crimes and 2017 charged offenses were part of one course of criminal conduct because they involved the same victim and were in furtherance of Moore's objective to kill Diane. The 2015 crimes occurred in Erie County. Therefore, the state argues, Erie County is a proper venue for trying the 2017 charged offenses.

{¶ 20} The purpose of "course of criminal conduct" venue under R.C. 2901.12(H) is to "effectuate a sensible, efficient approach to justice" because the "modern mobility of criminals" allows them to "perform unlawful deeds over vast geographical boundaries." *Draggo,* 65 Ohio St.2d at 90, 418 N.E.2d 1. Thus, in *Draggo*, this court recognized that R.C. 2901.12(H) exists to promote judicial

economy and allow the state to prosecute multiple offenses during one trial in one county.

**{¶ 21}** Applying R.C. 2901.12(H) to offenses that have already been prosecuted would not further the judicial-economy purpose of the statute because it would still result in multiple trials. Furthermore, the latter of those trials would be tried in a county where none of the charged crimes had actually occurred. The Ninth District Court of Appeals in *State v. Williams*, 2015-Ohio-3932, 42 N.E.3d 347 (9th Dist.), recognized that venue cannot be based on a crime that was not charged in that case. In *Williams*, the defendant picked a minor up in Lorain County and drove her to Cuyahoga County where he raped her. The defendant was charged in Lorain County with rape because he had picked the minor up in Lorain County. However, the Ninth District held that venue in Lorain County was improper because none of the filed charges were based on the defendant's conduct in Lorain County. The Ninth District recognized that under R.C. 2901.12(H), venue cannot be based on offenses that were not charged.

**{¶ 22}** Similarly here, if R.C. 2901.12(H) allowed the location of Moore's 2015 crimes to form the basis of venue for the 2017 charged offenses, the trial for the latter offenses would occur in a county where none of the charged crimes had occurred. This would be a clear violation of the right to venue provided by Article I, Section 10 of the Ohio Constitution.

**{¶ 23}** Finally, the state claims that venue is proper for a charge of retaliation in the county where the victim is located. That approach makes sense when the defendant used force against or communicated a threat of harm to the victim in that location. However, those facts are not in the case before us. Moore did not use force against Diane in Erie County. He did not threaten her by phone call or mail in Erie County. All the threats that Moore made were spoken to his cellmate while they were both incarcerated in Marion County.

**{¶ 24}** The state suggests that because the act of force or harm against Diane would have occurred in Erie County if the murder plot had been carried out, venue is proper in Erie County. But the venue statute indicates just the opposite. The crimes of attempt and conspiracy may be charged in the county where the crime would have taken place only if all the defendant's actions occurred outside the state of Ohio. R.C. 2901.12(E) and 2901.11(A)(3). In other words, when a defendant's actions occurred in Ohio, venue is proper in the county where those actions occurred, not in the county where the harm would have occurred. Because Moore's actions that gave rise to the retaliation, attempted aggravated murder, and conspiracy charges occurred in Ohio, it does not matter that Diane's murder would have been committed in Erie County if it had been accomplished.

**{¶ 25}** For all these reasons, Erie County was not a proper venue for this case. Because venue was improper for the retaliation charge, and venue for the other charged offenses was based on the retaliation charge, this court does not reach the issue of whether venue may be based on a charge of which the defendant was not convicted.

**{¶ 26}** Amicus Ohio Attorney General also asks us to clarify that double-jeopardy protections do not preclude the state from retrying Moore in a county in which venue is proper. *See, e.g*, *United States v. Petlechkov*, 922 F.3d 762, 771 (6th Cir.2019) ("A dismissal on venue grounds does not qualify as an 'acquittal' for double jeopardy purposes."). But because that issue was neither raised by the parties below nor is a part of the proposition of law we accepted, we must leave it for another day.

### III. Conclusion

**{¶ 27}** For the reasons stated above, we hold that the state failed to prove that venue was proper in Erie County. Therefore, we affirm the judgment of the Sixth District Court of Appeals.

Judgment affirmed.

9

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Kevin J. Baxter, Prosecuting Attorney, Kristin R. Palmer, Assistant Prosecuting Attorney, and Philip D. Bogdanoff, Special Assistant Prosecuting Attorney, for appellant.

Karin L. Coble for appellee.

Steven L. Taylor, urging reversal on behalf of amicus curiae Ohio Prosecuting Attorneys Association.

Dave Yost, Attorney General, Benjamin M. Flowers, Solicitor General, and Diane R. Brey, Deputy Solicitor General, urging reversal on behalf of amicus curiae Ohio Attorney General Dave Yost.

_____