[Cite as *State v. Spivery*, 2023-Ohio-1603.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-10-056 |
| | : | O P I N I O N |
| - vs - | | 5/15/2023 |
| | : | |
| KEMUEL D. SPIVERY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2020-CR-00557

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

Michael J. Trapp, for appellant.

**S. POWELL, P.J.**

{¶ 1}   Appellant, Kemuel D. Spivery, appeals his conviction in the Clermont County Court of Common Pleas after a jury found him guilty of two counts of aggravated trafficking in drugs, one a second-degree felony and the other a first-degree felony.  For the reasons outlined below, we affirm.

**Facts and Procedural History**

**{¶ 2}** On July 21, 2020, the Clermont County Grand Jury returned an indictment charging Spivery with two counts of aggravated trafficking in drugs, both in violation of R.C. 2925.03(A)(1).[1] The first count, Count 1, charged Spivery with one count second-degree felony aggravated trafficking in drugs. This charge arose after Spivery sold approximately five ounces of methamphetamine to the buyer, Janelle, while in Springdale, Hamilton County, Ohio on January 6, 2020.[2] The second count, Count 2, charged Spivery with one count first-degree felony aggravated trafficking in drugs. This charge arose after Spivery sold an additional six ounces of methamphetamine to Janelle while in Springdale, Hamilton County, Ohio on January 7, 2020. Both counts also included forfeiture specifications for the vehicle Spivery used to effectuate both the January 6 and January 7, 2020 drug sales, as well as $14,007 in cash found in Spivery's possession at the time of his arrest.[3]

**{¶ 3}** From July 26 to 28, 2022, the trial court held a three-day jury trial on the matter. During trial, the state presented evidence that Spivery had sent text messages to Janelle offering to sell her methamphetamine at an address located in Hamilton County, Ohio while Janelle was physically present, receiving, and responding to Spivery's text messages while in Clermont County, Ohio. The state also presented evidence that the text message exchanges between Spivery and Janelle ultimately resulted in Spivery selling five ounces of methamphetamine to Janelle on January 6, 2020, with Spivery selling an additional six ounces of methamphetamine to Janelle on January 7, 2020. The state

---

1. R.C. 2925.03(A)(1) makes it unlawful for any person to knowingly "[s]ell or offer to sell a controlled substance or a controlled substance analog[.]" "Methamphetamine is a controlled substance." *State v. Phifer*, 2d Dist. Clark No. 2020-CA-13, 2021-Ohio-521,¶ 17, citing R.C. 2925.11(II).

2. To protect the buyer's identity, we will refer to the buyer as "Janelle" rather than by the buyer's actual name or initials.

3. The record indicates that Spivery was arrested after he was involved in another drug transaction in Hamilton County, Ohio on January 9, 2020.

provided further evidence that both sales occurred in a parking lot located in Springdale, Hamilton County, Ohio.

{¶ 4} Following deliberations, the jury returned a verdict finding Spivery guilty of both charges and their accompanying forfeiture specifications. Several weeks later, on September 12, 2022, the trial court held a sentencing hearing where it sentenced Spivery to serve an aggregate mandatory minimum term of 10 years in prison with a maximum aggregate term of 13 years in prison, less 132 days of jail-time credit. The trial court also ordered the forfeiture of the vehicle Spivery used to effectuate both the January 6 and January 7, 2020 drug sales, as well as the $14,007 in cash found in Spivery's possession at the time of his arrest. Spivery now appeals his conviction, raising two assignments of error for review.

**Spivery's Two Assignments of Error**

{¶ 5} In his two assignments of error, Spivery argues that neither his conviction for Count 1, second-degree felony aggravated trafficking of drugs, nor his conviction for Count 2, first-degree felony aggravated trafficking of drugs, were supported by sufficient evidence. Under these circumstances, we apply the following standard of review.

*Sufficient Evidence Standard of Review*

{¶ 6} "A claim challenging the sufficiency of the evidence invokes a due process concern and raises the question whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶ 165, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "The relevant inquiry is 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Roper*, 12th Dist. Clermont No. CA2021-05-019, 2022-Ohio-244, ¶ 39, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

"This test requires a determination as to whether the state has met its burden of production at trial." *State v. Thompson*, 12th Dist. Butler No. CA2022-09-080, 2023-Ohio-559, ¶ 34. "If the state fails to present sufficient evidence on every element of an offense, then convicting a defendant for that offense violates the defendant's right to due process of law." *State v. Messenger*, Slip Opinion No. 2022-Ohio-4562, ¶ 13.

*Spivery's First Argument*

{¶ 7} Initially, Spivery argues the text message exchange between himself and Janelle that led to the January 6, 2020 sale was insufficient to prove he "offered" to sell Janelle drugs in violation of R.C. 2925.03(A)(1). Therefore, according to Spivery, his conviction for Count 1, second-degree felony aggravated trafficking in drugs, must be reversed. We disagree.

{¶ 8} The term "offer" as used in R.C. 2925.03(A)(1) is not statutorily defined. The Ohio Supreme Court, however, has defined the term "offer" to mean "'to declare one's readiness or willingness'" to sell a controlled substance. *State v. Scott*, 69 Ohio St.2d 439, 440 (1982), quoting *Webster's New Collegiate Dictionary* (1976). This court has also defined the term "offer" to mean "to declare one's readiness or willingness to sell a controlled substance or to present a controlled substance for acceptance or rejection." *State v. Aldrich*, 12th Dist. Madison No. CA2006-10-044, 2008-Ohio-1362, ¶ 21. The term "offer" has also been defined by several other Ohio appellate courts to mean "to present for acceptance or rejection." *See State v. Nucklos*, 171 Ohio App.3d 38, 2007-Ohio-1025, ¶ 29 (2d Dist.); *State v. Cabrales*, 1st Dist. Hamilton No. C-050682, 2007-Ohio-857, ¶ 41; *State v. Sheffey*, 11th Dist. Ashtabula No. 2003-A-0011, 2004-Ohio-2204, ¶ 13; and *State v. Drane*, 6th Dist. Lucas No. L-92-319, 1993 Ohio App. LEXIS 3259, *6 (June 30, 1993).

{¶ 9} Given these definitions, and when considering the totality of the circumstances presented in this case, we find the state provided sufficient evidence to prove

Spivery "offered" to sell drugs to Janelle on January 6, 2020. This offer occurred after Janelle contacted Spivery via text message and stated that she was "36 mins out" and in "need" of five ounces of methamphetamine.[4] The fact that Spivery responded to Janelle's text message with "Ok," followed by an address where Janelle could meet him to complete the sale, rather than with an express written offer to sell Janelle drugs using basic contract language, is of no consequence when considering the illegality of the offer being made. *See State v. Bazzy*, 86 Ohio App.3d 546, 548-549 (2d Dist.1993) ("whether an offer to sell a controlled substance has, in fact, been made depends upon the totality of the circumstances and the language used" because "participants in a drug transaction are not likely to use either precise legal terms to define the transaction, or precise scientific terms to describe the merchandise").

{¶ 10} What matters is that, under the facts and circumstances of this case, which includes evidence that Spivery had sold Janelle drugs multiple times prior to the January 6, 2020 sale, both Spivery and Janelle knew that an agreement had been reached via text message for Spivery to sell Janelle five ounces of methamphetamine once she arrived at the address Spivery had provided to her.[5] *See, e.g., Aldrich*, 2008-Ohio-1362 at ¶ 16-23 (appellant made an offer to sell drugs to an undercover officer where appellant "nodded his head in the affirmative" after the undercover officer asked appellant to sell him drugs). Therefore, because there was sufficient evidence to prove Spivery had offered to sell drugs to Janelle on January 6, 2020 in violation of R.C. 2925.03(A)(1), Spivery's conviction for

---

4. The text message Janelle initially sent to Spivery stated, "Can you call me." Spivery never responded. Janelle then text messaged Spivery, "Hey I need 5 an[d] I'm 36 mins out." Spivery responded to this text message a few minutes later stating, "Ok," followed a few seconds later with an address where Janelle could meet him to complete the sale.

5. The record contains evidence that Spivery had sold Janelle four ounces of methamphetamine on January 4, 2020, after Janelle text messaged Spivery, "Need 4." The record indicates that this was just one of the many times Janelle had purchased methamphetamine from Spivery after Janelle's boyfriend, who had also purchased methamphetamine from Spivery, was sent to prison.

Count 1, second-degree felony aggravated trafficking in drugs, must be affirmed. Accordingly, Spivery's first argument lacks merit.

*Spivery's Second, Alternative Argument*

{¶ 11} Alternatively, Spivery argues the state failed to provide sufficient evidence to prove Janelle was physically present within Clermont County when he responded to her text message offering to sell her drugs on January 6, 2020. This lack of evidence, according to Spivery, renders Clermont County an improper venue for that offense, thereby requiring his conviction for Count 1, second-degree felony aggravated trafficking in drugs, be reversed. We again disagree.

{¶ 12} "'Venue commonly refers to the appropriate place of trial for a criminal prosecution within a state.'" *State v. Baker*, 12th Dist. Butler No. CA2019-08-146, 2020-Ohio-2882, ¶ 20, quoting *State v. Meridy*, 12th Dist. Clermont. No. CA2003-11-091, 2005-Ohio-241, ¶ 12. "The importance of venue is to give the defendant the right to be tried in the vicinity of his alleged criminal activity." *State v. Davis*, 12th Dist. Clinton No. CA2015-12-022, 2017-Ohio-495, ¶ 21. Venue is not jurisdictional. *State v. Lampe*, 12th Dist. Warren No. CA2015-03-028, 2015-Ohio-3837, ¶ 18. Venue is also not a material element to any offense charged. *State v. Kyles*, 12th Dist. Butler Nos. CA2021-11-141 and CA2021-11-142, 2023-Ohio-489, ¶ 116. However, although neither jurisdictional nor a material element to any charged offense, venue is nevertheless "a fact that the state must prove beyond a reasonable doubt." *State v. McCollum*, 12th Dist. Clermont No. CA2014-11-077, 2015-Ohio-3286, ¶ 8, citing *State v. Stone*, 12th Dist. Warren No. CA2007-11-132, 2008-Ohio-5671, ¶ 17. "When the state fails to prove venue with respect to a charged criminal offense, the defendant is entitled to be discharged from that offense." *Id.*, citing *State v. Lahmann*, 12th Dist. Butler No. CA2006-03-058, 2007-Ohio-1795, ¶19.

{¶ 13} "Pursuant to R.C. 2901.12(A), venue lies in any jurisdiction in which the

offense or any element of the offense was committed." *State v. Vunda*, 12th Dist. Butler Nos. CA2012-07-130 and CA2013-07-113, 2014-Ohio-3449, ¶ 29. Similarly, Article I, Section 10 of the Ohio Constitution provides criminal defendants with the right to a jury trial in the county in which the offense is alleged to have been committed. *State v. Moore*, 169 Ohio St.3d 18, 2022-Ohio-1460, ¶ 14. "Venue need not be proven in express terms; it may be established either directly or indirectly by all the facts and circumstances of the case." *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 144, citing *State v. Headley*, 6 Ohio St.3d 475, 477 (1983). That is to say, venue need not be established by direct evidence, but may instead be established circumstantially. *State v. Warman*, 12th Dist. Butler No. CA2016-02-029, 2017-Ohio-244, ¶ 31. Venue is established where there is a "sufficient nexus" between the defendant and the county where the trial is held. *State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575, ¶ 16. Therefore, "[a]s long as there is a sufficient nexus between the defendant and the county of the trial, venue is satisfied." *State v. Smith*, 12th Dist. Warren Nos. CA2012-02-017 and CA2012-02-018, 2012-Ohio-4644, ¶ 26.

{¶ 14} Upon review, we find the record in this case establishes the requisite "sufficient nexus" necessary to render Clermont County a proper venue to try and convict Spivery for second-degree felony aggravated trafficking in drugs as set forth in Count 1 of the indictment. This is because, despite Spivery's claims, the record contains sufficient evidence to prove Janelle was in Clermont County when Spivery sent a text message to Janelle offering to sell her five ounces of methamphetamine on January 6, 2020. This is evidenced by the data retrieved from a GPS tracker attached to Janelle's car that indicated Janelle was in Clermont County when she initially text messaged Spivery stating that she was "36 mins out" and asking Spivey whether he could sell her five ounces of methamphetamine that day. Spivery responded "Ok" to Janelle's text message a few

minutes later at a time when Janelle would have still been physically present within Clermont County. Therefore, because the record in this case establishes the requisite "sufficient nexus" to render Clermont County a proper venue to try Spivery for Count 1, second-degree felony aggravated trafficking in drugs, Spivery's second, alternative argument also lacks merit.

*Spivery's Third Argument*

{¶ 15} Lastly, Spivery argues the text message exchange between himself and Janelle that led to the January 7, 2020 sale was insufficient to prove he "offered" to sell Janelle drugs in violation of R.C. 2925.03(A)(1), thereby requiring his conviction for Count 2, first-degree felony aggravated trafficking in drugs, be reversed. However, just as with the text message exchange between Spivery and Janelle that led up to the January 6, 2020 sale, the state provided sufficient evidence to prove Spivery also offered to sell drugs to Janelle on January 7, 2020. This offer occurred after Janelle contacted Spivery via text message, while physically present within Clermont County, Ohio, and asked Spivery if he could sell her an additional six ounces of methamphetamine.[6] Spivery responded a few seconds later, "Ok." Spivery then sent another text message to Janelle instructing her to meet him at the "same place" where they had met the day before, on January 6, 2020.[7]

{¶ 16} Again, just as with the January 6, 2020 sale, the fact that Spivery responded to Janelle's text message with "Ok," followed by instructions on where to meet, rather than an express written offer to sell Janelle drugs using basic contract language is of no

---

6. We note that the complete text message exchange between Janelle and Spivery began with Janelle asking Spivery, "You good." Spivery responded, "Yea." Janelle then text messaged Spivery, "Need 6." Spivery responded with, "Ok." Spivery then confirmed that Janelle was to meet him at the "same place" where they met the day before, on January 6, 2020.

7. The record indicates that Janelle was at the Clermont County Sheriff's Office when Spivery text messaged her and offered to sell her drugs on January 7, 2020. The Clermont County Sheriff's Office is located on State Route 222 in Batavia, Clermont County, Ohio.

consequence when considering the illegality of the offer being made. This is because, just as with the January 6, 2020 sale, both Spivery and Janelle knew an agreement had been reached for Spivery to sell Janelle an additional six ounces of methamphetamine on January 7, 2020 at the same place where they had met to complete the January 6, 2020 sale. Therefore, just as with Spivery's first argument challenging the sufficiency of the evidence regarding the January 6, 2020 sale, Spivery's third argument challenging the sufficiency of the evidence as it relates to the January 7, 2020 sale likewise lacks merit.

**Conclusion**

{¶ 17} For the reasons outlined above, and finding no merit to any of the arguments raised by Spivery herein, Spivery's two assignments of error challenging his conviction for two counts of aggravated trafficking in drugs, one a second-degree felony and the other a first-degree felony, are overruled. This is because both charges set forth in the indictment, Count 1 and Count 2, were supported by sufficient evidence. This includes sufficient evidence to support Clermont County being a proper venue where Spivery could be tried and convicted of selling drugs to Janelle on both January 6 and 7, 2020.

{¶ 18} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.