[Cite as *State v. Moore*, 2026-Ohio-167.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

GERRY L. MOORE,

    DEFENDANT-APPELLANT.

CASE NO. 9-24-56

OPINION AND
JUDGMENT ENTRY

Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 22-CR-380

Judgment Affirmed

Date of Decision:  January 20, 2026

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Kristin R. Palmer* for Appellee

Case No. 9-24-56

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Gerry L. Moore ("Moore"), appeals the October 24, 2024 judgment entry of sentencing of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On June 29, 2022, the Marion County Grand Jury indicted Moore on Count One of conspiracy to commit aggravated murder in violation of R.C. 2923.01(A)(1), (J)(1), a first-degree felony; Count Two of attempted aggravated murder in violation of R.C. 2923.02/2903.01(A) and R.C. 2929.02(A), a first-degree felony; Count Three of conspiracy to commit kidnapping in violation of R.C. 2923.01(A)(1), (J)(2), a second-degree felony; and Count Four of attempted kidnapping in violation of R.C. 2923.02/2905.01(A)(3), (C)(1), a second-degree felony. All four counts of the indictment included a repeat-violent-offender specification under R.C. 2941.149(A). Moore appeared for arraignment on August 18, 2022, and entered pleas of not guilty.

{¶3} On February 17, 2023, Moore filed a motion to dismiss based on double-jeopardy grounds, which the trial court denied. On April 11, 2023, Moore filed an interlocutory appeal of the trial court's judgment denying his motion to dismiss.[1] *State v. Moore,* 2024-Ohio-1736, ¶ 8 (3d Dist.). In that interlocutory appeal, we affirmed the trial court's judgment. *Moore* at ¶ 43.

---

[1] In Moore's interlocutory appeal, we set forth the extensive factual and procedural background of this case, and we will not duplicate those efforts here.

{¶4} On October 10, 2024, Moore withdrew his pleas of not guilty and entered a guilty plea, under a negotiated-plea agreement, to Count One of the indictment. In exchange for Moore's guilty plea, the State agreed to dismiss Counts Two, Three, and Four. The State further agreed to dismiss the repeat-violent-offender specifications on all four counts. The guilty plea was subsequently vacated by the trial court because Moore was not advised that the offense charged in Count One carried mandatory prison time.

{¶5} On October 23, 2024, Moore again entered a guilty plea, under a negotiated-plea agreement, to Count One of the indictment. In exchange for Moore's guilty plea, the State agreed to dismiss Counts Two, Three, and Four and the repeat-violent-offender specifications on all four counts. The trial court conducted a Crim.R. 11 colloquy, accepted Moore's guilty plea, found him guilty, and sentenced Moore to 11 years in prison for conspiracy to commit aggravated murder.

{¶6} On November 15, 2024, Moore filed a notice of appeal, raising a single assignment of error for our review.

### Assignment of Error

**The Trial Court Erred When It Failed To Dismiss This Case Based On Double Jeopardy Grounds.**

{¶7} In his sole assignment of error, Moore argues that the trial court erred by failing to dismiss this case based on double-jeopardy grounds. In response, the

Case No. 9-24-56

State points out Moore's failure to acknowledge that he previously filed an interlocutory appeal from the trial court's denial of his motion to dismiss. The State argues that the law-of-the-case doctrine precludes us from reconsidering the double-jeopardy issue already decided in *State v. Moore*, 2024-Ohio-1736 (3d Dist.). We agree.

*Standard of Review*

**{¶8}** The doctrine of res judicata "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 2006-Ohio-1245, ¶ 18. Similarly, the doctrine of the law of the case provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Nolan* at 3. Therefore, "[t]he decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." *Id.* at 4. *See State v. Morrissey*, 2022-Ohio-3519, ¶ 11 (3d Dist.) (applying the law-of-the-case doctrine in the appellant's later appeal and declining to revisit the decision made on the issue of merger in appellant's prior appeal).

*Analysis*

**{¶9}** In the instant appeal, Moore claims that he was improperly subjected to double jeopardy. Specifically, Moore argues that he "was originally tried in Erie County for the same incident" and "the Erie County case was dismissed by the Supreme Court of Ohio."[2] (Appellant's Brief at 4). According to Moore, "[a]fter the case was dismissed, it should not have been retried in Marion County." (*Id.*).

**{¶10}** Moore's arguments pertaining to double jeopardy were fully briefed, argued and decided by this court in *State v. Moore,* 2024-Ohio-1736 (3d Dist.). In *Moore*, we concluded that the trial court did not err by denying Moore's motion to dismiss based on double-jeopardy grounds. *Moore* at ¶ 42. In reaching our decision, we noted that the Sixth District Court of Appeals vacated Moore's convictions for conspiracy to commit aggravated murder and attempted aggravated murder due to improper venue in Erie County, and the Supreme Court of Ohio affirmed the Sixth District's decision. *Id.* at ¶ 5-6. After Moore was reindicted on the charges of conspiracy to commit aggravated murder and attempted aggravated murder in Marion County—and the trial court subsequently denied his motion to dismiss, we concluded that "[a] judicial determination that venue is improper does not trigger the double jeopardy clauses and does not, therefore, bar a retrial of the charges in

---

[2] We note that the Supreme Court of Ohio did not "dismiss" the case as alleged by Moore. Rather, the Supreme Court of Ohio affirmed the judgment of the Sixth District Court of Appeals that venue was improper in Erie County. *State v. Moore*, 2022-Ohio-1460, ¶ 1.

the proper venue." *Id.* at ¶ 42, citing *United States v. Smith*, 599 U.S. 236, 252-254 (2023).

{¶11} Under the law-of-the-case doctrine, the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court absent extraordinary circumstances. *Nolan*, 11 Ohio St.3d at 4-5. Since the issue of double jeopardy was fully briefed, argued and decided in Moore's interlocutory appeal, we adhere to the law-of-the-case doctrine and decline to revisit our prior decision. We see no reason to disturb this court's earlier decision rejecting Moore's arguments regarding double jeopardy. This case does not present any extraordinary circumstances to warrant reexamination of the issues decided in the interlocutory appeal. Moreover, this court's adherence to the law-of-the-case doctrine will not cause any injustice under the facts and circumstances of this case.

{¶12} Accordingly, Moore's sole assignment of error is overruled.

{¶13} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and WALDICK, J.J., concur.**

Case No. 9-24-56

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

William R. Zimmerman, Judge

John R. Willamowski, Judge

Juergen A. Waldick, Judge

DATED:
/hls